UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-60638-BLOOM/Valle

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Plaintiff,

v.

RASIER (FL), LLC, *a foreign limited liability company*; UBER TECHNOLOGIES, INC., *a foreign corporation*; CHRISTOPHER BERNADEL, *individually*; APRIL N. MCGLASHAN, *as personal representative of the Estate of Miles McGlashan, deceased*,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff Progressive Express Insurance Company's Complaint, ECF No. [1]. For the reasons discussed below, the above-styled case is dismissed without prejudice.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022). Further, "a corporation shall be deemed to be a citizen of every State and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

On April 3, 2023, Plaintiff filed a Complaint against Defendants Rasier (FL), LLC ("Rasier"); UBER Technologies, Inc. ("UBER"); Christopher Bernadel ("Bernadel"); and April N. McGlashan, as the personal representative of the Estate of Miles McGlashan, Deceased. Compl. ¶¶ 2-6, ECF No. [1]. The Complaint states, "[t]his Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a)(1)[] because diversity of citizenship exists between [Plaintiff], on the one hand, and Defendants, on the other, and the amount in controversy . . . exceeds $75,000." *Id.* ¶ 7. In relevant part, the Complaint alleges that Plaintiff is a corporation organized under the laws of Ohio with its principal place of business located in Ohio, and that Rasier is a "foreign limited liability company organized under the laws of Delaware and with its principal place of business located in San Francisco, San Francisco County, California." *Id.* ¶¶ 1, 2. Those allegations are insufficient to plead proper subject matter jurisdiction to the Court's diversity jurisdiction.

As the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). Here, the Complaint does not allege the citizenships of all the members of Rasier. As a result, Plaintiff has failed to sufficient allege that Plaintiff is diverse from Rasier, and thus the allegations in the

Case No. 23-cv-60638-BLOOM/Valle

Complaint are insufficient to confer subject matter jurisdiction in this case under 28 U.S.C. § 1332(a).

Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled case is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 4, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record